# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:

IVON GONZALEZ MARTINEZ;
ADRIAN CUEVAS CASTRUITA;
MARTHA CELENE ARELLANO;
ALEXANDRA CASTRUITA ARELLANO; and
JESUS ARRENDONDO CALDERA,

Plaintiffs,

v.

FRANCES CHRISTINE MENESES;
and MENESES LAW PLLC, a Texas Professional Limited Liability Company,

Defendants.

---

## NOTICE OF REMOVAL

---

Defendants Frances Christine Meneses and Meneses Law, PLLC, through counsel, Gordon Rees Scully Mansukhani, LLP, submit this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1441 and 1446 and D.Colo.LCivR 81.1.

1.     Plaintiffs filed their Complaint in the District Court for Broomfield County, Colorado on November 12, 2025.  Complaint, Exhibit A.  Plaintiffs assert claims for legal malpractice, fraud/concealment, fraud in the inducement, breach of fiduciary duty and injunctive relief.

2.     Defendants were served with a copy of the Summons and Complaint on

November 14, 2025, in Houston, Texas.  Summons – Meneses Law PLLC, <u>Exhibit B</u>; Summons - Frances Christine Meneses, <u>Exhibit C</u>; Affidavit of Service – Meneses Law PLLC, <u>Exhibit D</u>, Affidavit of Service - Frances Christine Meneses <u>Exhibit E</u>.

3.      Defendants now file this Notice of Removal within thirty days of November 14, 2025, as provided by 28 U.S.C. § 1446(b)(3).

4.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a)(1).

6.      Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7.      Plaintiffs are domiciled in Colorado.  Complaint ¶¶ 5-9, <u>Exhibit A</u>.

8.      Defendant Frances Christine Meneses is the sole member of Meneses Law, PLLC and she is domiciled in Texas. Declaration, <u>Exhibit F</u>. Meneses Law, PLLC, is incorporated in Texas and has its principal place of business in Texas.  Accordingly, both Defendants are citizens of Texas for diversity purposes.

9.      Complete diversity exists among the Plaintiffs and Defendants.

10.     The amount in controversy exceeds $75,000.00. Plaintiffs certified they are seeking a monetary judgment in excess of $100,000 on the Civil Case Cover Sheet submitted with the Complaint. Civil Case Cover Sheet, Exhibit G; *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11.     Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all parties in this action and has been filed with the state court clerk's office.  In addition, within fourteen days of the filing of this Notice of Removal, Defendants will file a current state court docket sheet (Register of Actions) and will separately file each pending motion, petition, and related response, reply, and brief.  No hearing has been set in the state court case.

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are also submitted.

13.     Pursuant to D. COLO.LAttyR 5(a)(3)(C), the undersigned hereby certifies that he is a member in good standing of the bar of this court.

Dated this 11th day of December 2025.

**GORDON REES SCULLY MANSUKHANI LLP**

 *s/ John M. Palmeri*

John M. Palmeri, Esq.
Andres M. Hermosillo, Esq.
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ahermosillo.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 11th day of December, 2025.

Beth Klien
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado, 81621
beth@kleinfrank.com

Sarah A. Logan
The Logan Firm, P.C.
44150 Darley Avenue, Suite 6
Boulder, Colorado 80305
sarah@loganfirm.com

 */s/  Linda J. Bustos*

- 4 -

| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO | |
|---|---|
| 17 Descombes Dr, Broomfield, CO 80020 | DATE FILED November 12, 2025 2:14 PM FILING ID: 1417D529E108D CASE NUMBER: 2025CV30301 |
| **Plaintiffs:   IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.** <br><br> **v.** <br><br> **Defendants:  FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,** | ▲COURT USE ONLY▲ |
| **Plaintiffs' Attorneys:** <br><br> Name:        Beth Klein, 17477 <br> Address:      Beth Klein, P.C. <br>                    350 Market Street, Suite 310 <br>                    Basalt, CO  81621 <br> Phone No.:    303-448-8884 <br> Fax No.:       303-861-2449 <br> Email:         beth@kleinfrank.com <br><br> Name:        Sarah A. Logan, 39472 <br> Address:      The Logan Firm, P.C. <br>                    4150 Darley Avenue, Suite 6 <br>                    Boulder, CO 80305 <br> Phone No.:    (303) 494-5209 <br> Fax No.:       (303) 379-4280 <br> Email:         sarah@loganfirm.us | Case No.: <br><br> Div:             Crtrm: |
| **COMPLAINT FOR LEGAL MALPRACTICE, FRAUD, BREACH FIDUCIARY DUTIES, AND INJUNCTIVE RELIEF** | |

Plaintiffs submit their Complaint.

EXHIBIT  A

**CERTIFICATE OF REVIEW**

Pursuant to C.R.S. § 13-20-602 I, THE UNDERSIGNED ATTORNEYS certify that we have

consulted attorneys who have expertise in the area of the alleged negligent conduct; and that the

professionals who have been consulted (a) have reviewed the known facts, including the fee

agreement, billing records, pleadings, Defendants' file, documents, and other materials and emails

from the Defendants which the professionals have found to be relevant to the allegations of

negligent conduct and, based on the review of such facts, has concluded that the filing of the claim

does not lack substantial justification within the meaning of section 13-17-102 (4).

**A. THE PARTIES**

1.      Through their fraudulent practices, Defendants preyed upon undocumented immigrants,

Plaintiffs here, who are seeking to adjust their immigration status in good faith.  Plaintiffs relied on

the integrity and professionalism of the Defendant attorneys to assist them in attaining the security

of lawful permanent residency in the United States.

2.      However, Respondents collaborated to repeatedly and persistently engage in fraudulent

conduct.  Defendants lured clients by representing that lawful permanent residence (or securing a

"green card") could be attained by simply having a child over the age of twenty-one or a spouse who

is a United States citizen.

3.      Without Plaintiffs' knowledge, Respondents repeatedly and intentionally submitted

fraudulent 1-360 petitions under the Violence Against Women Act ("VAWA") on behalf of their

Plaintiff undocumented immigrant clients falsely claiming their eligibility as a self-petitioning parents

of an abusive U.S. citizen son or daughter who is 21 years old or older, or as a self-petitioning

spouse of abusive U.S. citizens or lawful permanent residents in order to secure immigration

benefits.

4.    Defendants pursued this scam without inquiring with their clients to establish this basis or even informing them that they were seeking VA WA relief on their behalf.

5.    Ivon Gonzalez Martinez ("Martinez") is a citizen of the United States residing at 5000 Butte Street, Lot 188, Boulder, Colorado 80301.

6.    Adrian Cuevas Castruita ("Castruita") is a citizen of Mexico residing at 5000 Butte Street, Lot 188, Boulder, Colorado 80301.

7.    Martha Celene Arellano Aguilar ("Aguilar") is a citizen of Mexico residing at 4500 19th Street, Lot 540, Boulder, CO  80304.

8.    Alexandra Castruita Arellano ("Arellano") is a citizen of the United States residing at 4500 19th Street, Lot 540, Boulder, CO  80304.

9.    Jesus Arrendondo Caldera ("Caldera") is a citizen of Mexico residing at 4500 19th Street, No. 446,  Boulder, Colorado 80304.

10.    Frances Christine Meneses ("Meneses") is a resident and citizen of the State of Texas residing in Houston, Texas.

11.    Meneses Law, PLLC ("Law Firm") is a Texas professional limited liability company with its principle place of business at 2900 North Loop West, Suite 300, Houston, Texas 77092 and doing business at 11101 West 120th Avenue, Broomfield Colorado and in Denver, Colorado. https://www.meneses.law/immigration-attorneys-denver.

12.    Meneses is owner and an employee of the Law Firm.

13.    Meneses' acts and omissions stated in this Complaint occurred within the course and scope of her employment at the Law Firm.

### B. PERSONAL JURISDICTION OVER THE DEFENDANTS.

14.    Meneses and the Law Firm conduct business at two offices.  One office is in Denver, and the other office is located at 11101 West 120th Avenue, Broomfield, CO 80021.  See

https://www.indeed.com/viewjob?jk=24c12bef8c904d46  The below electronic solicitation was

sent to Caldera touting new offices in Denver, CO & Boulder, CO "Now we are much closer to

you!"



15.    Meneses and the Law Firm have purposefully  availed themselves of the benefits and

protections of the Colorado's laws by opening two known offices in the State of Colorado,

contracting with and providing legal representation to hundreds of clients in the State of Colorado,

and engaging in targeted marketing to grow their business and profit from residents the State of

Colorado.

16.    The Defendants have entered into hundreds of fee agreements with clients residing in the

State of Colorado.

17.    The Defendants have collected fees and established payments accounts with clients residing

in the State of Colorado.

18.    The Defendants have routinely called, emailed, met, and conducted video conferences and

interviews with their clients in the State of Colorado.  The fee agreements included representation at

interviews at the United States Citizenship and Immigration Service Denver field office.

19.     The Defendants have asked their Colorado clients to record marketing videos, take photographs, and give Google and other social media reviews to promote the Defendants' services in the State of Colorado.

20.     The Defendants have intentionally and systematically asked Colorado clients to assist in the building of their law firm business and client base in Colorado by requesting referrals of other potential clients residing in Colorado.

21.     The Defendants have, at all times relevant, intended to profit from the Colorado market of Colorado clients needing representation in immigration matters.

22.     The Defendants' contacts with the State of Colorado relate directly to the contacts and claims asserted in this matter which involve legal malpractice, fraud, and breach of fiduciary duties during the Defendants' representation of Plaintiffs Castruita, Aguilar, and Caldera in immigration matters.

23.     The Defendants' contacts with the State of Colorado also relate directly to the fraudulent declarations making accusations of severe abuse and cruelty prepared and submitted to the United States government concerning Martinez and Arellano, both citizens of the State of Colorado.

24.     This Court has jurisdiction over this action pursuant to **§ 13-1-124** the Defendants maintain offices in Denver and Broomfield, Colorado and transact substantial business in the State of Colorado.

C.     **THE DEFENDANTS' SYSTEMATIC DECEPTION IN VAWA CLAIMS**

25.     Meneses and the Law Firm advertise that their annual revenues are between $25,000,000.00 and $100,000,000.00 when soliciting employees in the State of Colorado for their offices.

https://www.indeed.com/cmp/Meneses-Law

26.     The Defendants target and advertise for Colorado clients on

- Facebook https://www.facebook.com/meneseslaw.

- Instagram https://www.instagram.com/meneses_law,

- TikTok https://www.tiktok.com/@abogadameneses?lang=en,

- Web Page https://www.meneses.law/

27. Defendants intentionally omit in their advertising and in client advisements during their representation that in order to qualify for a work permit and adjust to lawful permanent resident status under the VAWA provisions, a US citizen son, daughter, or spouse must have engaged in acts of abuse or extreme cruelty against the client seeking a work permit and lawful permanent resident status.   www.uscis.gov/humanitarian/abused-spouses-children-and-parents.  Exhibit A.

28. With the passage of the Violence Against Women Act of 1994 (VAWA) and its subsequent reauthorizations, Congress provided aliens who have been abused or subjected to extreme cruelty by their U.S. citizen or lawful permanent resident relative the ability to independently petition for themselves (self-petition) for immigrant classification without the abuser's knowledge, consent, or participation in the immigration process.

29. This allows victims to seek both safety and independence from their abusers.

30. Under VAWA spouses and children of U.S. citizens and lawful permanent residents, and parents of U.S. citizens who are 21 years of age or older, may file a self-petition for immigrant classification with USCIS.

31. An alien filing the self-petition is generally known as a VAWA self-petitioner and the form number used to file the petition is the I-360.

32. If USCIS approves the I-360 self-petition, VAWA self-petitioners may be eligible for lawful permanent resident status (sometimes referred to as a "Green Card").

33. The application for permanent resident status is filed on form number I-485, Application for Adjustment of Status, which may be filed concurrently with the I-360 self-petition.

34. The Defendants have created a company-wide automated system to acquire clients and

process their claims, concealing the fact that spouses or children of the client will be accused of extreme abuse and/or cruelty before the United States in VAWA claims.

35.    The Defendants' marketing intentionally omits references of the essential element for VAWA claim that the client has been subject to extreme abuse and/or cruelty by a child or spouse.

36.    The Defendants' systematic form marketing texts to former or prospective clients asking for referrals omit references to the essential element VAWA claims that the client has been subject to extreme abuse and/or cruelty by a child or a spouse.

37.    The Defendants' standardized text messages to clients during their representation omit any references to the essential elements for and I-360 claims that the client has been subject to extreme abuse and/or cruelty by a child or a spouse.

38.    The Defendants' advisory videos to clients concerning the VAWA claims process intentionally omits information that a client's family member will be accused of severe abuse or cruelty.  https://www.meneses.law/antes-de-su-declaracion  See Certified Translation attached as Exhibit B.

39.    The Defendants refer to these claims as "three-sixty" cases instead of VAWA.

40.    Specifically, the Defendants advertise for Colorado clients who want a work permit who have a spouse or a child over the age of twenty-one, omitting critical information.    See: www.meneses.law.com.

**Getting your** work permit **and** residency **can be made simple!**



**Are you:**

- **Married to a U.S. citizen?**
- **Parent to a U.S. citizen who is 21 years or older?**

Our **Immigration Lawyers** at MENESES LAW make it an intuitive process.

41.     The Defendants have filed fraudulent Violence Against Women Act Claims ("VAWA Claims"), fabricated false declarations alleging severe abuse or cruelty, forged signatures, and filed applications for immigration benefits for their clients residing in the State of Colorado with false evidence.

42.     The Defendants' scheme of filing fraudulent claims from which they derive substantial profit harms residents of the State of Colorado.

43.     Federal Diversity Jurisdiction is not proper because the claim of Caldera is based upon the balance of the of fees that the Defendants did not earn because they were acquired by fraud and have not refunded in the amount of $3,500.00.

**D.     VENUE**

44.     Venue is Proper in Broomfield, Colorado pursuant to C.R.C.P. 98(c)(1) because the Defendants have offices and conduct business at 11101 West 120th Avenue, Broomfield, CO 80021.

**E.  MARTINEZ AND CASTRUITA**

45.     Castruita contacted The Law Firm and spoke with an employee who told him that getting his work permit would be "easy" and that the Defendant could "work magic with work permits" and obtain them within months of applying.

46.     On April 3, 2023, the Defendants entered into a Fee Agreement and Authority to Represent Castruita.

47.     An attorney client relationship was established between the Defendants and Castruita on April 3, 2023.

48.     Defendants agreed to gather, prepare, and serve the following documents with the U.S. Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security:

      a.     Prepare the I-360

      b.     Prepare the I-765 (Application for Employment Authorization)

      c.     Prepare the I-131 (Application for Travel and Parole) and

      d.     Prepare the I-485 (A form to apply for permanent residency)

49.     A true and accurate copy of the Castruita Fee Agreement is attached as Exhibit C.

50.     The Defendants agreed to service the case with USCIS and attend an interview with Castruita in Denver, Colorado, as necessary.

51.     The Defendants spoke with Castruita to get information to prepare the case.

52.     At no time did the Defendants advise Castruita that they were going to file pleadings and documents accusing his wife Martinez of extreme abuse.

53.     At no time did Castruita tell the Defendants that Martinez had severely abused him.

54.     Martinez and Castruita share a joint email account, and this account was used to provide information to the Defendants.

55.     The Defendants never emailed Martinez or Castruita any information that an abuse allegation would be made against Martinez.

56.     A payment plan was established with the Defendants.

57.     Plaintiffs paid the Defendants in full for the flat fee for services totaling $11,550.00.

58.     On May 3, 2023, the Defendants entered their appearance for filing the documents necessary to process Castruita's immigration case.

59.     On May 10, 2023, the Defendants submitted a cover letter with Form I-360 with Adjustment of Status Application alleging that Castruita qualifies for the I-360 Adjustment of Status. (Exhibit D).

60.     Castruita was not provided with a copy of the letter or application packet at the time his application was submitted.

61.    Unbeknownst to Castruita, the legal basis for Castruita's Form I-360 was based upon a Violence Against Woman Act self-petitioning spouse of an abusive U.S. citizen or lawful permanent resident under 8 CFR 204.2.

62.    The Defendants prepared and filed an I-360 application, that alleged shocking, false and defamatory statements concerning United States citizen, Martinez asserting that she engaged in psychological, emotional, verbal, physical, sexual and financial abuse against her husband Castruita.

63.    The Defendants completely fabricated the allegations in Exhibit D, the cover letter to the I-360 petition, Exhibit E, the legal arguments in support of the I-360 petition, and Exhibit F the fraudulent Declaration submitted with the I-360 petition.

64.    The Defendants did not give the I-360 petition and Exhibits D, E and F to Castruita to review and approve prior to their submission.

65.    The electronic signature on the Form I-360 and Exhibit F is an electronic signature that was applied to the document by the Defendants without Castruita's knowledge and approval.

66.    Castruita did not know that the Defendants filed false statements with Castruita's Form I-360.

67.    The paragraphs in Exhibit F entitled "Psychological Abuse," "Emotional Abuse," "Verbal Abuse," "Physical "Abuse," "Sexual Abuse," "Financial Abuse," and Conclusion are all false.

68.    On June 20, 2023, a determination was made that a prima facia case had been established under the self-petitioning provisions VAWA based upon false documents filed by the Defendants.

69.    Castruita received his work permit on February 4, 2024 based upon false documents filed by the Defendants.

70.    Hearing that the Defendants were filing false VAWA claims, Castruita requested a copy of his client file from the Defendants on January 31, 2025.

71.    Castruita finally received a copy of his client file from the Defendants on or about February

18, 2025.

72.    The Defendants instructed Castruita to keep the file confidential. stating falsely that: "the information contained within the enclosed file is confidential and protected by both attorney-client privilege and the work product doctrine."

73.    After receiving the file on February 18, 2025, and for the first time Martinez and Castruita read the file and realized that false and defamatory statements had been made to support the I-360 Application.

74.    Castruita would have never retained the Defendants had he known that the Defendants intended to engage in fraud and falsely accused Martinez of extreme abuse.

75.    Castruita retained successor counsel and withdrew his I-360 Application and returned his work permit.

76.    Castruita returned his work permit to USCIS by mail and requested that USCIS withdraw his approved petition and pending application for adjustment of status at severe risk to himself and family.

77.    When Martinez read the file and the statements about abuse that had been made about her, she was humiliated, horrified, and physically ill.

78.    Martinez is a survivor of sexual assault, and being falsely accused of being a perpetrator in official pleadings was overwhelming.

79.    On information and belief Defendants have filed false declarations and statements targeting Martinez in other immigration cases.

80.    The Defendants' conduct in representing Castruita was reckless, willful and wanton, entitling Castruita to punitive damages contingent upon a successful Motion filed pursuant to C.R.S. § 13-21-102.

## FIRST CLAIM FOR RELIEF
(Legal Malpractice – Plaintiff Castruita)

81.    The Defendants were negligent when they engaged in the following acts that reasonably

careful attorneys would not do and failed to do acts that reasonably careful attorneys would do:

a.    The Defendants failed to properly advise Castruita of the requirements to make a VAWA
claim.

b.    The Defendants failed to properly advise the Castruita of the I-360 process.

c.    The Defendants failed to permit Castruita to review the declaration prior to its filing.

d.    The Defendants forged Castruita's signature to documents containing false statements
without his knowledge.

e.    The Defendants failed to train and supervise staff on the proper procedures to process I-360
claims.

f.    The Defendants pressured staff to meet unreasonable quotas and emphasized profit over the
ethical and honest practice of law.

g.    The Defendants failed to investigate evidence of extreme abuse, analyze Castruita's actual
circumstances, and advise Castruita that he did not have a valid VAWA claim and the risks of filing a
fraudulent claim.

h.    The Defendants failed to properly prepare legal documents based upon valid theories of law.

i.    The Defendants fabricated facts contained the declaration in an effort to mislead the
tribunal, USCIS.

82.    The Defendants breached their duty of care to Castruita and were negligent.

83.    The breach of their duty to Castruita proximately caused Castruita to suffer damages and

losses including the loss of the attorney's fees paid to the Defendants in the amount of $11,550.00.


SECOND CLAIM
FOR RELIEF
(Fraud/Concealment – Castruita)

84.    The Defendants concealed that they filed false and defamatory statements in connection

with Castruita's immigration case.

85.    The Defendants forged Castruita's signature on documents they filed with the United States government.

86.    Castruita had no knowledge that the Defendants filed false papers with the United States government or forged his signature.

87.    Castruita's reliance on the Defendants' omissions was justified.

88.    The Defendants at all times knew the consequences of filing fraudulent documents with the United States government.

89.    The Defendants purposefully filed fraudulent documents which the Defendants must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of Castruita.

90.    Castruita's justified reliance has caused damages and losses to Castruita losses including the loss of the attorney's fees paid in the amount of $11,550.00.

<u>FOURTH CLAIM FOR RELIEF</u>
(Breach of Fiduciary Duty Castruita)

91.    At all relevant times the Defendants were acting as fiduciaries of Castruita.

92.    The Defendants through their national corporate scheme acted with an improper motive based on their self-interest to profit substantially to now command an annual revenue of $25,000,000.00 to $100,000.000.00.

93.    At all times relevant, the Defendants structured an unchecked automated VAWA practice to rapidly acquire and file thousands of VAWA claims, without regard for the merit of the claims.

94.    The Defendants put their goal to nationalize and scale the acquisition of clients, the payment of retainers and fees, and their profits, over their duties the Defendants owed to their clients to represent them with undivided loyalty.

95.    The Defendants' conflict of interest and divided loyalty adversely affected clients, including Castruita.

96.     At all relevant times, the Defendants had no requirement that clients must review and personally sign documents in their cases.

97.     At all relevant times, the Defendants, through their paralegal pool routinely fabricated declarations to be filed in VAWA cases.

98.     At all relevant times Meneses did not systematically check the work of her staff, and instead devoted her time to internet advertising, making videos and memes, and growing her business and profits.

99.     At all relevant times the Defendants did not bother to interview Castruita concerning "extreme abuse."

100.    The Defendant's national corporate scheme is a breach of fiduciary duty and rises to the level of a breach of trust.

101.    The Defendant's breach of fiduciary duty has caused Castruita to suffer non-economic losses starting in February 2025 knowing the risk of harm that the Defendants created for him and attorney's fees for prosecuting this matter in the current amount of $2000.00.

102.    The Defendants placed Castruita at risk of being deported from the United States if his claim were to be adjudicated and denied.

103.    The Defendants prejudiced Castruita's meritorious means of gaining lawful permanent resident status through his wife with a waiver proving that she would suffer extreme hardship if he were to be denied admission to the United States.

104.    The Defendants have negligently exposed Castruita to a finding of inadmissibility to the United States under §212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA") for having, by fraud or willful misrepresentation of a material fact, sought to procure… a visa, other documentation, for admission into the United States or other benefit".

105.    The Defendants caused stress in his marriage because his wife, was falsely accused of abuse and extreme cruelty before the United States government.

### F. AGUILAR AND ARELLANO

106.    On April 12, 2024, the Defendants entered into a Fee Agreement and Authority to Represent Aguilar.  (Exhibit G)

107.    An attorney client relationship was established between the Defendants and Aguilar on April 12, 2024.

108.    Defendants agreed to gather, prepare, and serve the following documents with the U.S. Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security:

      a.    Prepare the I-360

      b.    Prepare the I-765 (Application for Employment Authorization) and

      c.    Prepare the I-485 (A form to apply for permanent residency)

A true and accurate copy of the Aguilar Fee Agreement is attached as Exhibit G.

109.    The Defendants agreed to service the case with USCIS and attend an interview with Aguilar as necessary.

110.    The Defendants spoke with Aguilar to get information from her in order to prepare the case.

111.    At no time did the Defendants advise Aguilar that they were going to file a declaration and documents accusing Arellano of abuse or extreme cruelty.

112.    At no time did Agular tell the Defendants any facts supporting the claim that Arellano engaged in abuse or acts of extreme cruelty.

113.    A payment plan was established with the Defendants.

114.    Plaintiffs paid the Defendants in full for the flat fee for services totaling $14,550.00.

115.    On April 15, 2024, the Defendants entered their appearance for filing the documents

necessary to process Aguilar's immigration case.

116. On July 15, 2024, the Defendants submitted a cover letter with Form I-360 with Adjustment of Status Application alleging that Aguilar qualifies for the I-360 Adjustment of Status. (Exhibit H)

117. The Defendants prepared and filed alleged shocking, false and defamatory statements concerning United States citizen, Arellano asserting that she engaged in psychological, emotional, verbal, physical, and financial abuse against her mother Aguilar.

118. The Defendants completely fabricated the basis for the I-360 application, the statements in the Cover letter for the I-360 application, (Exhibits H) the Declaration of Aguilar (Exhibit I) and the Legal Arguments (Exhibit J).

119. The Defendants did not give the I-360 Form and Exhibits H, I, and J to Aguilar for review and approve prior to their submission.

120. The electronic signatures for the I-360 Form and Exhibits H I, J and  were copied from the fee agreement that Aguilar signed with the Defendants.

121. The electronic signature was used on the I-360 Form and Exhibit I without the permission of Aguilar.

122. The Plaintiffs did not know that the Defendants filed false statements with Aguilar's Form I-360 and Exhibit H, I, and J.

123. On September 23, 2024, a determination was made that a prima facia case had been established under the self-petitioning provisions VAWA based upon false documents filed by the Defendants.

124. Aguilar received her work permit based upon false documents filed by the Defendants.

125. Hearing that the Defendants were filing false VAWA claims, Aguilar requested a copy of her client file from the Defendants on April 4, 2025.

126. Aguilar finally received a copy of her client file from the Defendants on or about May 8,

2025.

127.    The Defendants instructed Aguilar to keep the file confidential, stating falsely that: "the

information contained within the enclosed file is confidential and protected by both attorney-client

privilege and the work product doctrine."

128.    After receiving the file on May 8, 2025 and for the first time Aguilar and Arellano read the

file and realized that false and defamatory statements had been made to support the I-360

Application.

129.    Aguilar would have never retained the Defendants had she known that the Defendants

intended to engage in fraud and falsely accuse Martinez of extreme abuse.

130.    Aguilar retained successor counsel, returned her work permit and requested that USCIS

withdraw her approved petition and pending application for adjustment of status at severe risk to

herself and family.

131.    When Arellano read the file and all of the statements about abuse that had been made about

her she was humiliated, horrified, and physically ill.

132.    The Defendants' conduct in representing Aguilar was reckless, willful and wanton, entitling

Castruita to punitive damages contingent upon a successful Motion filed pursuant to C.R.S. § 13-21-

102.

FIFTH CLAIM FOR RELIEF
(Legal Malpractice – Aguilar)

133.    The Defendants were negligent when they engaged in the following acts that reasonably

careful attorneys would not do and failed to do acts that reasonably careful attorneys would do:

    a.    The Defendants failed to properly advise Aguilar of the requirements to make a
VAWA claim.

    b.    The Defendants negligently failed to properly advise Aguilar of the I-360 process.

    c.    The Defendants negligently failed to permit Aguilar to review the declaration prior to
their filing.

d.      The Defendants forged Aguilar's signature placing it on documents containing false statements without her knowledge.

e.      The Defendants failed to train and supervise staff on the proper procedures to process I-360 claims.

f.      The Defendants pressured staff to meet unreasonable quotas and emphasized profit over the honest ethical and honest practice of law.

g.      The Defendants failed to investigate evidence of extreme abuse, did not analyze her actual circumstances, and never advised Aguilar that she did not have a valid VAWA claim and the risks of filing a fraudulent claim.

h.      The Defendants failed to properly prepare legal documents based upon valid theories of law.

i.      The Defendants fabricated facts contained the declaration in an effort to mislead the tribunal, USCIS.

134.    The Defendants breached their duty of care to Aguilar and were negligent.

135.    The breach of their duty to Aguilar proximately caused Aguilar to suffer damages and losses including the loss of the attorney's fees paid in the amount of $14,550.00.

SIXTH CLAIM FOR RELIEF
(Fraud/Concealment – Aguilar)

136.    The Defendants concealed that they filed false and defamatory statements in connection with Aguilar's immigration case.

137.    The Defendants forged Agular's signature on documents they intended to file with the United States government.

138.    Aguilar had no knowledge that the Defendants filed false papers with the United States government or forged his signature.

139.    Aguilar's reliance on the Defendants' omissions was justified.

140.    The Defendants at all times knew the consequences of filing fraudulent documents with the United States government.

141.    The Defendants purposefully filed fraudulent documents which the Defendants must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of Aguilar.

142.    The Defendants' conduct has caused damages and losses to Aguilar losses including the loss of the attorney's fees paid in the amount of $14,550.00.

SEVENTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty Aguilar)

143.    At all relevant times, the Defendants were acting as fiduciaries of Aguilar.

144.    The Defendants through their national corporate scheme acted with an improper motive based on their self-interest to profit substantially to now command an annual revenue of $25,000,000.00 to $100,000,000.00.

145.    At all times relevant, the Defendants structured an unchecked automated VAWA practice to rapidly acquire and file thousands of VAWA claims, without regard for the merit of the claims.

146.    The Defendants put their goal to nationalize and scale the acquisition of clients, the payment of retainers and fees, and their profits, over their duties the Defendants owed to their clients to represent them with undivided loyalty.

147.    The Defendants' conflict of interest and divided loyalty adversely affected clients, including Aguilar.

148.    At all relevant times, the Defendants had no requirement that clients must review and personally sign documents in their cases.

149.    At all relevant times, the Defendants, through their paralegal pool routinely fabricated declarations to be filed in VAWA cases.

150.    At all relevant times Meneses did not systematically check the work of her staff, and instead devoted her time to internet advertising, making videos and memes, and growing her business and profits.

151.    At all relevant times the Defendants did not bother to interview Aguilar concerning "extreme cruelty" and instead merely checked a box that there was a US citizen relative over the age of twenty-one, and fabricated evidence.

152.    The Defendant's national corporate scheme is a breach of fiduciary duty and rises to the level of a breach of trust.

153.    The Defendant's breach of fiduciary duty has caused Aguilar to suffer non-economic losses starting May 12, 2025, knowing the risk of harm that the Defendants created for her and attorney's fees for prosecuting this matter in the current amount of $2000.00.

154.    The Defendants placed Aguilar at risk of being deported from the United States if her claim were to be adjudicated and denied.

155.    The Defendants prejudiced Aguilar's meritorious means of gaining lawful permanent resident status through her United States citizen daughter, along with a waiver proving that her lawful permanent resident mother would suffer extreme hardship if he were to be denied admission to the United States.

156.    The Defendants have negligently exposed Aguilar to a finding of inadmissibility to the United States under §212(a)(6)(C)(i) of the INA for having, by fraud or willful misrepresentation of a material fact, sought to procure… a visa, other documentation, for admission into the United States or other benefit".

### G.    CALDERA

157.    On May 23, 2024, Caldera entered into a Fee Agreement with the Defendants.

158.    An attorney client relationship was established between the Defendants and Caldera on May 23, 2024.

159.    A true and accurate copy of the Caldera Fee Agreement is attached as Exhibit K.

160.    Defendants agreed to gather, prepare, and serve the following documents with the U.S.

Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security:

    a.      Prepare the I-360

    b.      Prepare the I-765 (Application for Employment Authorization) and

    c.      Prepare the I-485 (A form to apply for permanent residency)

161. The Defendants agreed to service the case with USCIS and attend an interview with Caldera as necessary.

162. The Defendants briefly interviewed Caldera by telephone and filled out an intake form on July 3, 2024, in English to get information from him in order to prepare the case.

163. Caldera does not read English and did not complete the form on-line or in Spanish.

164. The Defendants had Caldera sign a form authorizing the Defendants to use this signature for any reason in his immigration case. (Exhibit K)

165. Unknown to Caldera, Defendants determined that they would target then 23-year-old Alison Arredondo, Caldera's daughter, as an abuser because she was the only child over the age of 21.

166. The Defendants never communicated to Caldera that Alison Arredondo would be alleged to have engaged in abuse or extreme cruelty against him.

167. In text messages, the Defendants requested documents asking for evidence that Caldera had lived with his daughter for three months.

168. In text messages, the Defendants did not use the language "abuser." Instead, the requests for documents used the word "child" and "children" as follows:

Birth certificates for you and your children

Proof of 3 months of living together with your child

(such as a lease agreement, utility bills, bank statement, etc.)

4 passport-style photos

Proof of your child's citizenship/residence

Last 3 years of tax returns (not required)

Police Clearance Certificate

Letters of recommendation attesting to good moral character

(can be from an employer, friend, or someone from your church)

Consular ID or passport

169.   No interview was conducted with Caldera to get specific facts that Alison Arredondo was an abuser or engaged in severe cruelty.

170.   The Defendants are believed to have fabricated a declaration that Alison Arredondo was an abuser because in the file it is noted that "Battery/EC: Client's declaration listing psych, emotional, verbal, physical, and financial abuse INA 204(a)(1)(A)(vii)(V); 8 CFR 204.2 (e)(1)(vi)" that was reviewed by Rachel Robertson, Associate on December 13 2024 during an internal legal analysis.

171.   The declaration reviewed by Associate Rachel Robertson was not produced with the client file from the Defendants.

172.   At no time did the Defendants advise Caldera that they were going to file pleadings and documents accusing his daughter of extreme abuse or cruelty for a VAWA claim.

173.   At no time did Caldera tell the Defendants any facts supporting the claim that Caldera's daughter engaged in acts of extreme abuse or cruelty.

174.   Nonetheless, Rachel Robertson determined on December 13, 2024, that Caldera qualified for a VAWA claim.

175.   A flat fee totaling $14,550.00 was established with the Defendants.

176.   Plaintiffs paid the Defendants $9,050.00 through April 25, 2025.

177.   On April 25, 2025, Caldera became concerned about his claim and wrote a letter to the Defendants requesting a copy of the file and adequate assurances that no false or defamatory

statements were being used in this case.  Exhibit M.

178.     In response to the letter of April 25, 2025, the Defendants fired Caldera and on September 9, 2025, refunded $5,550.00 of the fees that he paid.

179.     The Defendants did not provide the complete file to Caldera.

180.     The Defendants claimed that they earned $3,500.00 and did not refund this money.

181.     Because the Defendants defrauded Caldera into paying them money to file a fraudulent VAWA claim, the $3,500.00 is owed to Caldera.

182.     To this day, Defendants text Caldera and ask for referrals for new VAWA claims.  See Exhibit N.

EIGHTH CLAIM FOR RELIEF
(Fraud in the Inducement – Caldera)

183.     The Defendants concealed that they intended to file a fraudulent and baseless VAWA claim on behalf of Caldera. As attorneys for Caldera, the Defendants had a duty to disclose the fact that they were going to file a VAWA claim.

184.     The fact was material.

185.     The Defendants concealed their plan with the intent of creating a false impression of the actual facts in the mind of Caldera. The Defendants concealed the fact with the intent that Caldera retain their firm for legal services and pay them attorney's fees, an act that Caldera would not have taken if he knew the actual facts.

186.     Caldera retained the Defendants and paid them legal fees relying on the assumption that the Defendants would not file a fraudulent and baseless VAWA claim.

187.     Caldera's reliance was justified.

188.     Caldera's reliance caused him damages in the amount of un-refunded legal fees in the amount of $3,500.00.

NINTH CLAIM FOR RELIEF
(Injunction Martinez and Arellano)

189. The Defendants filed with the United States, pleadings and declarations asserting false and defamatory statements against Martinez and Arellano.

190. These fraudulent statements were filed by the Defendants with USCIS in violation of 8 U.S.C.A. §1324c and section 274C(e)(1) of the INA make it unlawful for any individual to knowingly and willfully fail to disclose, conceal or cover up the fact that … he or she has, on behalf of any person and for a fee or other remuneration, prepared or assisted in preparing an application for immigration benefits with knowledge or reckless disregard of the fact that such application or document was falsely made.

191. While VAWA proceedings are civil and not criminal, the repercussions for the spouse and child accused of extreme abuse and cruelty can be profound and far-reaching including:

  a. **Immigration Consequences**: Even if not charged criminally, the spouse and child may be flagged in immigration records, potentially complicating their future petitions, such as sponsoring a family member or applying for certain benefits.

  b. **CPS and Law Enforcement Involvement**: Depending on the content of the VAWA filing, local law enforcement might be alerted, potentially triggering investigations.

  c. **Emotional and Psychological Damage**: Being labeled an abuser by one's own parent can have devastating emotional effects, especially on minors or young adults. The trauma of such a betrayal can lead to long-term mental health challenges.

  d. **Family Disintegration**: False claims can irreparably damage family relationships, leading to estrangement, mistrust, and ongoing emotional conflict.

192. These fraudulent statements caused Martinez and Arellano to suffer injuries including humiliation and fear, concerns about criminal prosecutions, and feelings of betrayal.

193.    The Defendants actions are likely to cause Martinez and Arellano harm in the future.

194.    There are inadequate legal remedies as Martinez and Arellano have no attorney client relationship with the Defendants and cannot sue the Defendants directly for damages.

195.    The injuries to Martinez and Arellano cannot be undone or fixed with money alone.

196.    Martinez and Arellano request both a preliminary injunction and a permanent injunction as a part of the final judgment.

197.    The injunction would not be adverse to the public interest.

198.    Any harm suffered by the Defendants is outweighed by the past, present and future injuries to Martinez and Arellano.

199.    Martinez and Arellano have a substantial likelihood of success on the merits of a permanent order ensuring that the Defendants retract and are prohibited from filing false and defamatory documents with the United States concerning them.

200.    Plaintiffs pray for an injunction to compel the Defendants retract and to never to make false and/or defamatory statements about Martinez and Arellano to the United States or any person.


WHEREFORE, Plaintiffs pray for an award of damages to be fixed by the trier of fact in a reasonable amount, attorneys fees, all pre-judgment and post-judgment interest as provided by law, costs, expert fees, attorney's fees, and for such other relief as the Court deems appropriate. Plaintiffs further pray for a preliminary and permanent injunction to prohibit the Defendants from making false and defamatory statements about Martinez and Arellano and to retract all such statements.

Respectfully submitted on November 12, 2025

BETH KLEIN, P.C.
By:  *s/ Beth Klein*
         Beth Klein
350 Market Street, Suite 310
Basalt, CO  81621
Telephone 303-448-8884
beth@bethklein.com


THE LOGAN FIRM, P.C.
By: *s/  Sarah A. Logan*
         Sarah A. Logan
4150 Darley Ave., Suite 6
Boulder, CO 80305
Telephone 303-494-5209
sarah@loganfirm.us

ATTORNEYS FOR PLAINTIFFS

<table>
<tr><td colspan="2">

DISTRICT COURT, BROOMFIELD COUNTY,
STATE OF COLORADO

17 Descombes Dr,
Broomfield, CO 80020
</td><td rowspan="2">

DATE FILED
November 12, 2025 2:14 PM
FILING ID: 1417D529E108D
CASE NUMBER: 2025CV30301
</td></tr>
<tr><td colspan="2">

**Plaintiffs:   IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.**

**v.**

**Defendants:  FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,**
</td></tr>
</table>

|  |  |
|---|---|
| **Plaintiffs' Attorneys:** | Case No.: |
| Name:        Beth Klein, 17477<br>Address:     Beth Klein, P.C.<br>               350 Market Street, Suite 310<br>               Basalt, CO  81621<br>Phone No.:   303-448-8884<br>Email:        beth@bethklein.com<br><br>Name:        Sarah A. Logan, 39472<br>Address:      The Logan Firm, P.C.<br>                4150 Darley Avenue, Suite 6<br>                Boulder, CO 80305<br>Phone No.:    (303) 494-5209<br>Fax No.:      (303) 379-4280<br>Email:         sarah@loganfirm.us | Div:               Crtrm: |

**▲COURT USE ONLY▲**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:  MENESES LAW PLLC

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons

1

EXHIBIT  B

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

November 11, 2025

> BETH KLEIN, P.C.
>   *Original signature on file.*
>
>   */s/ Beth A. Klein*
>   Beth A. Klein
>   Attorney for Plaintiff

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

WARNING:  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO 17 Descombes Dr, Broomfield, CO 80020 | DATE FILED November 12, 2025 2:14 PM FILING ID: 1417D529E108D CASE NUMBER: 2025CV30301 |
|---|---|
| **Plaintiffs:  IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.** **v.** **Defendants:  FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,** | ▲COURT USE ONLY▲ |
| **Plaintiffs' Attorneys:** Name:        Beth Klein, 17477 Address:     Beth Klein, P.C. 350 Market Street, Suite 310 Basalt, CO  81621 Phone No.:   303-448-8884 Email:       beth@bethklein.com Name:        Sarah A. Logan, 39472 Address:     The Logan Firm, P.C. 4150 Darley Avenue, Suite 6 Boulder, CO 80305 Phone No.:   (303) 494-5209 Fax No.:     (303) 379-4280 Email:       sarah@loganfirm.us | Case No.: Div:          Crtrm: |
| **SUMMONS** | |

TO THE ABOVE NAMED DEFENDANT:  FRANCES CHRISTINE MENESES

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons

1

EXHIBIT  C

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

November 11, 2025

                        BETH KLEIN, P.C.
                          *Original signature on file.*

                          */s/ Beth A. Klein*
                          Beth A. Klein
                          Attorney for Plaintiff

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

WARNING:  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

2

EXHIBIT  C

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

EXHIBIT  C

| | |
|---|---|
| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO<br>17 Descombes Dr, Broomfield, CO 80020 | |
| Plaintiff(s) / Petitioner(s): **IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.**<br><br>v.<br><br>Defendant(s) / Respondent(s): **FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,** | DATE FILED<br>November 19, 2025 8:20 AM<br>FILING ID: 1980C5D2A8DC5<br>CASE NUMBER: 2025CV30301<br><br>▲ COURT USE ONLY ▲<br><br>Case No.: |
| **AFFIDAVIT OF SERVICE** | |

I, Osmany Adam Grau Valdivia, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Meneses Law PLLC in Harris County, TX on November 14, 2025 at 4:32 pm at 2900 North Loop W, Ste 300, Houston, TX 77092-8809 by leaving the following documents with Julie Fleites who as front desk employee is authorized by appointment or by law to receive service of process for Meneses Law PLLC.

Exhibit D Castruita Cover Letter
Exhibit B certified translation of Before your Declaration video
CIvil Case Cover Sheet
Exhibit M Request for Documents Prepared Arredondo Caldera
Exhibit B Part 2 Transcription of Antes su Delcaracion video
Filing Receipt
Summons for Meneses
Summons for law firm
Exhibit N. Translation of ad- New Offices in Colorado
Exhibit J Martha Legal Arguments
Exhibit H Martha Cover Letter
Exhibit E Castruita Legal Arguments
Final Complaint
Exhibit C Castruita Fee Agreement
Exhibit G Martha Fee Agreement

Proof Job #1338176 | Serve #SRV-562XVX4        Meneses        EXHIBIT D Page 1

Exhibit A USCIS VAWA
Exhibit F Castruita Declaration
Exhibit I Martha Declaration
Exhibit K Jesus Fee Agreement

Additional Description:
I delivered the documents to Julie Fleites at the front desk.

Hispanic or Latino Female, est. age 35-44, glasses: N, Brown hair, 120 lbs to 140 lbs, 4' 6" to 4' 9".
Geolocation of Serve: https://google.com/maps?q=29.8050833333,-95.4481283333
Photograph: See Exhibit 1

Total Cost: $95.40

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF COLORADO
THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

____Harris County_____,

____TX_____on ____11/18/2025_____.

/s/ *Osmany Adam Grau Valdivia*
_____
Signature
Osmany Adam Grau Valdivia
+1 (281) 682-6930

Exhibit 1a)





Exhibit 1b)

| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO<br>17 Descombes Dr, Broomfield, CO 80020 | |
|---|---|
| Plaintiff(s) / Petitioner(s): **IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.**<br><br>v.<br><br>Defendant(s) / Respondent(s): **FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,** | DATE FILED<br>November 19, 2025 8:20 AM<br>FILING ID: 1980C5D2A8DC5<br>CASE NUMBER: 2025CV30301<br><br>▲ COURT USE ONLY ▲<br><br>Case No.: |
| **AFFIDAVIT OF SERVICE** | |

I, Osmany Adam Grau Valdivia, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Christine Meneses in Harris County, TX on November 14, 2025 at 4:32 pm at 2900 North Loop W, Ste 300, Houston, TX 77092-8809 by workplace substituted service by leaving the documents at the usual workplace of Christine Meneses with Julie Fleites who is the Receptionist for Christine Meneses.

Exhibit D Castruita Cover Letter
Exhibit B certified translation of Before your Declaration video
CIvil Case Cover Sheet
Exhibit M Request for Documents Prepared Arredondo Caldera
Exhibit B Part 2 Transcription of Antes su Delcaracion video
Filing Receipt
Summons for Meneses
Summons for law firm
Exhibit N. Translation of ad- New Offices in Colorado
Exhibit J Martha Legal Arguments
Exhibit H Martha Cover Letter
Exhibit E Castruita Legal Arguments
Final Complaint
Exhibit C Castruita Fee Agreement
Exhibit G Martha Fee Agreement

Proof Job #1338175 | Serve #SRV-1R51732          Meneses                    EXHIBIT E Page 1

Exhibit A USCIS VAWA
Exhibit F Castruita Declaration
Exhibit I Martha Declaration
Exhibit K Jesus Fee Agreement

Hispanic or Latino Female, est. age 35-44, glasses: N, Brown hair, 120 lbs to 140 lbs, 4' 6" to 4' 9".
Geolocation of Serve: https://google.com/maps?q=29.8050833333,-95.4481283333
Photograph: See Exhibit 1


Total Cost: $95.40

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF COLORADO
THAT THE FACTS HEREIN ARE TRUE AND CORRECT.




Executed in

    Harris County                                    ,

    TX       on    11/18/2025              .

/s/ *Osmany Adam Grau Valdivia*
_____
Signature
Osmany Adam Grau Valdivia
+1 (281) 682-6930



Exhibit 1a)



Exhibit 1b)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:

IVON GONZALEZ MARTINEZ;
ADRIAN CUEVAS CASTRUITA;
MARTHA CELENE ARELLANO;
ALEXANDRA CASTRUITA ARELLANO; and
JESUS ARRENDONDO CALDERA,

Plaintiffs,

v.

FRANCES CHRISTINE MENESES;
and MENESES LAW PLLC, a Texas Professional Limited Liability Company,

Defendants.

---

**DECLARATION OF FRANCES CHRISTINE MENESES IN SUPPORT OF DIVERSITY JURISDICTION**

---

**DECLARATION OF FRANCES CHRISTINE MENESES**

1.    I, Frances Christine Meneses, Esq., am over the age of 18. I make this declaration completely voluntarily. I have personal knowledge of the facts set forth herein and, if called upon as a witness, could and would testify competently under oath, as to all such facts.

2.    I declare that I am a citizen of Texas. I reside in Texas and am domiciled there. I am not a citizen of Colorado.

3.    I am the sole owner and member of Meneses Law, PLLC ("Meneses Law") since October 5, 2020.

4.    Meneses Law is a Texas professional limited liability company incorporated in Texas on October 5, 2020, Entity ID number 32076164469.  Its principal place of business is 2900

EXHIBIT  F

- 2 -

North Loop West, Suite 300, Houston, Texas 77092. Its agent for service of process is located at 2900 North Loop West, Suite 300, Houston, Texas 77092.

5.    I attest that the information included in the attached Corporate and Citizenship Disclosure Statement, attached hereto, is true and accurate.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 2025, at Houston, Texas.

_____
Frances Christine Meneses, Declarant

| DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO<br><br>17 Descombes Dr,<br>Broomfield, CO 80020 | DATE FILED<br>November 12, 2025 2:14 PM<br>FILING ID: 1417D529E108D<br>CASE NUMBER: 2025CV30301 |
|---|---|
| **Plaintiffs:   IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO, and JESUS ARRENDONDO CALDERA.**<br><br>**v.**<br><br>**Defendants:  FRANCES CHRISTINE MENESES and MENESES LAW PLLC, a Texas Professional Limited Liability Company,** | ▲COURT USE ONLY▲ |
| **Plaintiffs' Attorneys:**<br><br>Name:         Beth Klein, 17477<br>Address:      Beth Klein, P.C.<br>                   350 Market Street, Suite 310<br>                   Basalt, CO  81621<br>Phone No.:    303-448-8884<br>Email:          beth@bethklein.com<br><br>Name:         Sarah A. Logan, 39472<br>Address:      The Logan Firm, P.C.<br>                   4150 Darley Avenue, Suite 6<br>                   Boulder, CO 80305<br>Phone No.:    (303) 494-5209<br>Fax No.:       (303) 379-4280<br>Email:          sarah@loganfirm.us | Case No.:<br><br><br>Div:              Crtrm: |
| **CASE COVER SHEET** | |

1.     This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover

1

EXHIBIT  G

sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.      Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐  This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒  The Plaintiffs are collectively seeking a monetary judgment against the Defendants for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of the Plaintiffs claims against the Defendants is reasonably believed to exceed $100,000.00"

**Or**

☐  Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

☐  This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38.  (Checking this box is optional).

Dated:  November 11, 2025                    BETH KLEIN, P.C.
                                             *Original signature on file*

                                             */s/ Beth Klein*
                                             Beth Klein, 17477
                                             Attorneys for Plaintiff

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IVON GONZALEZ MARTINEZ, ADRIAN CUEVAS CASTRUITA, MARTHA CELENE ARELLANO, ALEXANDRA CASTRUITA ARELLANO and JESUS ARRENDONDO CALDERA | Frances Christine Meneses and Meneses Law, PLLC |

| (b) County of Residence of First Listed Plaintiff   El Paso County, Colorado | County of Residence of First Listed Defendant       Houston, Texas |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Beth Klien | John Palmeri |
| Beth Klein, P.C. | Andres M. Hermosillo |
| 350 Market Street, Suite 310 | Gordon Rees Scully Mansukhani, LLP |
| Basalt , Colorado, 81621 | 555 Seventeenth Street, Ste. 3400 |
| Sarah A. Logan | Denver, Colorado 80202 |
| The Logan Firm, P.C. | Phone: (303)534-5160 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**           **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | Liability    [ ] 367 Health Care/ | | | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| & Enforcement of Judgment | Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 470 Racketeer Influenced and |
| [ ] 152 Recovery of Defaulted | Liability    [ ] 368 Asbestos Personal | | [ ] 840 Trademark | Corrupt Organizations |
| Student Loans | [ ] 340 Marine    Injury Product | | | [ ] 480 Consumer Credit |
| (Excludes Veterans) | [ ] 345 Marine Product    Liability | | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [X] 360 Other Personal    Property Damage | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| | [ ] 362 Personal Injury -    Product Liability | [ ] 790 Other Labor Litigation | | [ ] 896 Arbitration |
| | Medical Malpractice | [ ] 791 Employee Retirement Income Security Act | | [ ] 899 Administrative Procedure |
| **REAL PROPERTY** | **CIVIL RIGHTS**           **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | | | State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence | | | |
| [ ] 245 Tort Product Liability | Accommodations    [ ] 530 General | | | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities    [ ] 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities    [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | Other    [ ] 550 Civil Rights | | | |
| | [ ] 448 Education    [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiffs bring claims for legal malpractice, fraud, breach of fiduciary duty, injunction and concealment.

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   None at this time.     CHECK YES only if demanded in complaint:

JURY DEMAND:   [ ] Yes   [X] No

## VIII.  RELATED CASE(S)

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

IF ANY

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/11/2025 | /s/  John M. Palmeri |

**FOR OFFICE USE ONLY**

RECEIPT #  _____     AMOUNT  _____     APPLYING IFP  _____     JUDGE  _____     MAG. JUDGE  _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**     **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b)**     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c)**     **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.