**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MENESES LAW, PLLC, | § | |
| *Plaintiff,* | § | |
| | § | Case No. 4:26-cv-00552 |
| v. | § | |
| | § | |
| CAMILA OVERMYER, | § | Jury Trial Demanded |
| *Defendant.* | § | |

---

# PLAINTIFF MENESES LAW'S MOTION TO COMPEL AND MOTION TO DETERMINE SUFFICIENCY

---

## TABLE OF CONTENTS

I. Statement of Issues to be Ruled Upon ........ 5

II. Short statement regarding nature and stage of case ........ 5

III. Argument ........ 7

A. Ms. Overmyer waived all objections to the Requests for Production to which she never responded, and the Court should order her to produce all responsive documents........ 9

B. The Court should overrule Ms. Overmyer's General Objections to the Interrogatories and Requests for Admission. ........ 10

C. The Court should overrule Ms. Overmyer's objections to interrogatories Nos. 1-4 and compel her to fully and completely respond to each. ........ 11

i. Interrogatory No. 1 – Identification of Social Media Accounts........ 11

ii. Interrogatory No. 2 – Identification of current and former Meneses Law clients and personnel ........ 12

iii. Interrogatory No. 3 – Compensation and other benefits received by Ms. Overmyer in relation to her defamatory content ........ 17

iv. Interrogatory No. 4 – Ms. Overmyer's tech devices........ 18

D. The Court should compel Ms. Overmyer to verify her original responses to the Interrogatories and any amended responses. ........ 19

E. Ms. Overmyer's answers to Requests for Admission Nos. 1-9 and 13 should be treated as failures to answer because they do not answer the substance of each request. ........ 19

IV. CONCLUSION........ 21

# TABLE OF AUTHORITIES

Page(s)

Cases


*Adams v. Memorial Hermann*,
973 F.3d 343 (5th Cir. 2020) .......... 14

*Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*,
258 F.R.D. 149 (S.D. Tex. 2009) .......... 8, 9, 12, 17

*Farina v. Mission Inv. Tr.*,
615 F.2d 1068 (5th Cir. 1980) .......... 20

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) .......... 9, 17, 18

*In re Int'l Sys. & Controls Corp. Sec. Litig.*,
693 F.2d 1235 (5th Cir. 1982) .......... 14

*In re United States*,
864 F.2d 1153 (5th Cir. 1989) .......... 8, 9

*Keycorp v. Holland*,
No. 3:16-CV-1948-D, 2016 WL 6277813 (N.D. Tex. Oct. 26, 2016) .......... 8

*Lopez v. Don Herring Ltd.*,
327 F.R.D. 567 (N.D. Tex. 2018) .......... 14, 17

*Lozada-Leoni v. MoneyGram Int'l, Inc.*,
No. 4:20CV68-RWS-CMC, 2020 WL 10046089 (E.D. Tex. Jul. 8, 2020) .......... 17

*McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Ins. Co.*,
322 F.R.D. 235 (N.D. Tex. 2016) .......... 8, 9

*Nance-Bush v. Lone Star Coll. Sys. Dist.*,
337 F.R.D. 135 (S.D. Tex. 2021) .......... 15

*United States v. Davis*,
636 F.2d 1028 (5th Cir. 1981) .......... 17

*VeroBlue Farms USA Inc. v. Wulf*,
345 F.R.D. 406 (N.D. Tex. 2021) .......... 19

Rules

Fed. R. Civ. P. 26(b)(2)(A) ... 7

Fed. R. Civ. P. 33, 34, and 36 ... 7, 12, 19

Fed. R. Civ. P. 34(b)(2)(B) ... 8, 9

Federal Rule of Civil Procedure 37 ... 8, 12

Federal Rules of Civil Procedure 36 and 37 ... 5, 8, 19, 20

## I. STATEMENT OF ISSUES TO BE RULED UPON

Defendant Camila Overmyer refuses to comply with discovery requests that target the heart of the defamation claim in this lawsuit. These discovery requests seek information regarding the defamatory content Ms. Overmyer published about Plaintiff Meneses Law, PLLC ("Meneses Law"), the materials showing what Ms. Overmyer did or did not do to verify her accusations, Ms. Overmyer's communications about Meneses Law with its current and former clients and personnel, and the compensation Ms. Overmyer received from competing law firms. Accordingly, Meneses Law moves under Federal Rules of Civil Procedure 36 and 37 and respectfully asks this Court to compel Defendant Camila Overmyer, within ten (10) business days, to:

1. Produce all documents responsive to Meneses Law's First Set of Requests for Production, to which Overmyer failed to respond or object, even after three weeks of extensions;
2. Remove objections and fully respond to Meneses Law's First Set of Interrogatories Nos. 1-4;
3. Verify her original and amended responses to Meneses Law's First Set of Interrogatories; and
4. Remove objections and fully respond to Meneses Law's First Set of Requests for Admission Nos. 1-9 and 13.

## II. SHORT STATEMENT REGARDING NATURE AND STAGE OF CASE

For nearly a year now, Ms. Overmyer has taken to social media and published content falsely accusing Meneses Law of intentionally facilitating fraudulent Violence Against Women Act ("VAWA") petitions. Dkt. 1 at ¶¶ 20-23. The more defamatory content Ms. Overmyer published about Meneses Law, the more attention she (and her content) got. *Id.* at ¶ 25.

As Ms. Overmyer gained more followers, she began inviting who she claimed were "honest" attorneys with competing immigration law firms onto her livestreams, in part to discuss Meneses Law. *Id.* at ¶¶ 32-34. During these livestreams, the "honest" attorneys would publish their

contact information so that "victims" of VAWA fraud that Overmyer alleged Meneses Law committed could schedule a consultation with them; Overmyer would remind her followers to mention her name when they called these attorneys so that she could receive her commission. *Id.* at ¶¶ 34-35. Two such attorneys included Ms. Overmyer's former counsel, Robert Alvarez, and his "VAWA Fraud" partner, James Betzold.




Meneses Law filed this lawsuit on January 23, 2026, asserting a defamation claim. On June 24, 2026,[1] Meneses Law served its First Set of Requests for Production, Interrogatories, and Requests for Admission on Overmyer. Ex. 1 (2026-06-24 Meneses Law's First Set of Requests for Production); Ex. 2 (2026-06-24 Meneses Law's First Set of Interrogatories); Ex. 3 (2026-06-24 Meneses Law's First Set of Requests for Admission). Her deadline to respond to each was July 24, 2026. She served her responses to the Interrogatories and Requests for Admission that day, but she did not provide any response to the Requests for Production or produce any documents. Ex. 6 (Discovery Requests E-mail Thread) at 5-7. Instead, her then-counsel, Robert Alvarez, requested

[1] Robert Alvarez and Jonathan Munoz represented Ms. Overmyer at the time these discovery requests were served and when Ms. Overmyer responded to the Interrogatories and Requests for Admission. Robert Alvarez withdrew from Ms. Overmyer's representation on August 5, 2026, with Ms. Tania Ramirez substituting in as new counsel on August 31, 2026. Dkt. No. 37. Jonathan Munoz and Tania Ramirez both withdrew from representation on September 3, 2026, with the Court granting their unopposed motion to withdraw on September 10. Dkt. No. 40; Dkt. No. 42. Ms. Overmyer is now *pro se*.

a one-week extension on the Requests for Production, citing to a "potential conflict that's arising from the direction of [Meneses Law's] discovery requests." *Id.* at 6. Meneses Law agreed to the extension.

One week later, on July 31, 2026, there were still no Request for Production responses or documents produced. Instead, Ms. Overmyer's new counsel, Tania Ramirez, reached out requesting an additional extension. *Id.* at 4. Meneses Law agreed to a two-week extension for the Requests for Production, moving the deadline to August 14, 2026. *Id.* at 1-3. Meneses Law additionally informed Ms. Ramirez of deficiencies present among several of Ms. Overmyer's responses to the Interrogatories and Requests for Admission, requesting that those deficiencies be cured by August 14, as well. Ex. 7 (2024-08-06 Discovery Deficiencies Correspondence Thread) at 1-5.

August 14 came and went, and still, no response to the Requests for Production, no production, and no amended responses to the Interrogatories or Requests for Admission. Meneses Law set a phone call to meet and confer with Ms. Overmyer's counsel, but her counsel cancelled the call. There is no good cause for Ms. Overmyer's continued failure to comply with discovery obligations. Meneses Law respectfully requests that the Court overrule Ms. Overmyer's improper objections and compel Ms. Overmyer to comply with her discovery obligations.

## III. ARGUMENT

Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(2)(A). The mechanisms by which a party may obtain discovery include, among other things, written discovery requests such as interrogatories, requests for production, and requests for admission. *See* FED. R. CIV. P. 33, 34, and 36.

The Federal Rules of Civil Procedure allow the parties seeking discovery to request court intervention when the party upon whom they served the discovery is resisting the discovery sought. Federal Rule of Civil Procedure 36(a)(6) allows the party issuing requests for admission to "move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*; *Keycorp v. Holland*, No. 3:16-CV-1948-D, 2016 WL 6277813 at *7 (N.D. Tex. Oct. 26, 2016). Federal Rule of Civil Procedure 37 allows "[a] party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection" where the non-movant fails to answer interrogatories or requests for production. FED. R. CIV. P. 37(a)(3)(B)(i)-(iv); *see also* FED. R. CIV. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond").

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections thereto are waived." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156-59 (S.D. Tex. 2009) (quoting *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989) (internal quotations omitted). Further, the Rules require specificity when objecting. FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); FED. R. CIV. P. 34(B)(2)(B) (requiring the responding party to either produce responsive records, make responsive records available for inspection, or "state with specificity the grounds for objecting to the request, including the reasons"); FED. R. CIV. P. 36(a)(5) (requiring that the grounds for an objection be stated). "The party resisting discovery must show specifically ***how*** each discovery request is not relevant or otherwise objectionable." *McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Ins. Co.*, 322 F.R.D. 235, 242 (N.D. Tex. 2016) (emphasis added). An objection that lacks the requisite specificity is a boilerplate

objection, and boilerplate objections are "tantamount to not making any objection at all." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Where the responding party makes boilerplate objections, it waives its objections. *See McKinney/Pearl Restaurant Partners*, 322 F.R.D. at 242; *see also Enron Corp. Sav. Plan*, 258 F.R.D. at 156-59.

***A. Ms. Overmyer waived all objections to the Requests for Production to which she never responded, and the Court should order her to produce all responsive documents.***

Rule 34 governs requests for production, and it requires that responses to requests for production be served within 30 days of service. FED. R. CIV. P. 34(b)(2)(A). Parties may agree to extend that deadline. A failure to respond within the 30 days allowed under Rule 34 or within the agreed-to extension deadline waives any objection to the request. *See id.*; *see also In re U.S.*, 864 at 1156 (articulating the general rule that "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Despite two extensions, Ms. Overmyer served no response or objection of any kind to Meneses Law's first set of Requests for Production. The Requests for Production sought basic discovery to which Meneses Law is entitled, including but not limited to requests seeking the content Ms. Overmyer posted about Meneses Law, communications by and between Ms. Overmyer and Meneses Law's current and former clients and personnel, communications by and between Ms. Overmyer and competing law firms and attorney related to Meneses Law, and documents and communications reflecting any compensation received by Ms. Overmyer from competing law firms in exchange for referrals. These documents are relevant to the elements of Meneses Law's claims in this case and Overmyer's defenses because they relate to the statements at issue, the motivation for them, and the investigation, or lack thereof, into their bases.

Ms. Overmyer's complete failure to answer means she waived any and all potential objections. Her waiver of her objections is yet another reason the Court should compel these documents. Because every objection is waived, nothing remains to limit the scope of production.

Accordingly, the Court should order Ms. Overmyer to produce all responsive documents, which are not only relevant to the claims and proportional to the needs of the case, but also not subject to any objection whatsoever.

***B. The Court should overrule Ms. Overmyer's General Objections to the Interrogatories and Requests for Admission.***

Ms. Overmyer includes the same "Preliminary Statement and General Objections" section in her responses to the Interrogatories and Requests for Admission. Ex. 4 (2026-07-24 Overmyer's Responses to Meneses Law's First Set of Interrogatories) at 1-2; Ex. 5 (2026-07-24 Overmyer's Responses to Meneses Law's First Set of Requests for Production) at 1-2. Nos. 2-7 therein are boilerplate objections:

> **2. Rules control.** Defendant objects to the Definitions and Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of this Court.
>
> **3. Privilege.** Defendant objects to each request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. No privileged material is intentionally provided, and any inadvertent disclosure is not a waiver.
>
> **4. Protective order / confidentiality of third parties.** Defendant objects to each request to the extent it seeks confidential, private, proprietary, or personal information, or information that would identify third parties. No protective order has yet been entered in this case. Because much of the information sought concerns third parties—including individuals who are alleged current or former clients or personnel of Plaintiff—disclosure absent an appropriate protective order risks harassment and harm to those individuals. Defendant will address such information upon entry of an agreeable protective order and reserves all objections should one be entered.

> **5. Overbreadth and proportionality.** Defendant objects to each request to the extent it is overbroad, unduly burdensome, not proportional to the needs of the case, not limited to a reasonable time period, or seeks information neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **6. Equally available.** Defendant objects to each request to the extent it seeks information or documents that are already in Plaintiff's possession, custody, or control, or that are equally or more readily available to Plaintiff, including from third-party platforms.
>
> **7. Reasonable inquiry.** Each response is made to the extent of Defendant's present knowledge following reasonable inquiry.

*See* Ex. 4 at 1-2; *see also* Ex. 5 at 1-2.

Each of these objections lacks the requisite specificity and is not attached to a particular request. In other words, they state an objection but don't state how that objection is applicable to any of the discovery Meneses Law actually seeks. Rather, these are boilerplate objections that should be overruled. *See id.* So, too, should Ms. Overmyer's reference to the "General Objections" in her responses to ROGs Nos. 1, 2, and 4. Ex. 4 at 3-6.

***C. The Court should overrule Ms. Overmyer's objections to interrogatories Nos. 1-4 and compel her to fully and completely respond to each.***

Ms. Overmyer's answers to Interrogatories Nos. 1-4 are deficient. The reasons are discussed, in turn, below. Menese Law requests the Court compel Ms. Overmyer to fully respond to these interrogatories.

**i. <u>Interrogatory No. 1 – Identification of Social Media Accounts</u>**

Interrogatory No. 1 seeks identification of all social media accounts that Ms. Overmyer has owned, operated, controlled, or used since January 2025. Ex. 4 at 2-3. For each account identified, Ms. Overmyer must provide: (a) the platform name; (b) account username or handle; (c) the approximate number of followers as of the date of her response; (d) whether the account has been

verified; (e) whether the account has been deleted, suspended, or made private; and (f) whether she has changed the username or handle of any account. *Id.*

Ms. Overmyer's response is deficient for two main reasons: ***First***, Ms. Overmyer objects that the request is overbroad and disproportionate to the needs of the case because it asks Ms. Overmyer to identify "every account merely 'used' without limitation to the subject matter of this Lawsuit," but she does not show specifically *how* that term makes it overbroad or disproportionate. *See Enron Corp. Sav. Plan*, 258 F.R.D. at 156-59. ***Second***, Ms. Overmyer concedes that "she maintains an Instagram account and X (formerly Twitter) account[,]" but she does not provide the information required by (b)-(e) of Interrogatory No. 1 for either account. She tries to excuse this failure by noting that she "has not used either to publish content concerning [Meneses Law] or Christine Meneses during the relevant period." That does not matter. Rule 33 governs interrogatories, and it requires that interrogatories be answered "fully" and "in writing under oath." FED. R. CIV. P. 33(b)(3). The request seeks identification of ***all*** accounts with the full accompanying information. This is an evasive partial answer, and Rule 37(a)(4) treats an evasive or incomplete answer as a failure to answer.

The Court should overrule Ms. Overmyer's objections and compel her to fully and completely answer Interrogatory No. 1 with the information sought, which is relevant to this case.

**ii. Interrogatory No. 2 – Identification of current and former Meneses Law clients and personnel**

Interrogatory No. 2 seeks information about Ms. Overmyer's communications with current and former Meneses Law clients and personnel.

> **INTERROGATORY NO. 2:** Please identify each (1) former or current client of Meneses Law and (2) each former or current employee or contractor of Meneses Law You have had Communications with from January 2025 to present. For each, please identify: (a) how You came to learn of such person; (b) the substance, nature, and extent of Your Communications with such person; (c) whether You have any Documents and records from or about such person; (d) the date of Communication; (e) the medium (e.g., phone, text, iMessage, DM, email, in-person, livestream, etc.) of the Communication; and (f) the phone number, username, account, address, etc. that You used to made the Communication from.

Ex. 4 at 3-4.

Ms. Overmyer makes several objections in response to this interrogatory, but all should be overruled. *See id.* Further, her response should be treated as a failure to answer. Ms. Overmyer's objections are addressed first, and her failure to answer is addressed at the end of this section.

***First***, Ms. Overmyer raises a plethora of vague objections, stating the request is "overbroad, unduly burdensome, and not proportional to the needs of the case[.]" Ex. 5 at 3. No support is provided to prove any of those objections; nor is any specificity about how the objection actually applies to the interrogatory itself or the information it requests. Ms. Overmyer has made a variety of defamatory statements about Meneses Law and about the legal services it provides, and Ms. Overmyer's communications with clients of Meneses Law fall squarely into the scope of reasonable discovery. This is particularly true when Ms. Overmyer contends that her statements were based on a reasonable investigation. The information sought in this interrogatory relates directly to that alleged investigation.

***Second***, Ms. Overmyer asserts this request "seeks information equally or more available to [Meneses Law], as the individuals at issue are alleged clients and personnel of [Meneses Law]." *Id.* at 3. This is not true. Who Ms. Overmyer secretly contacts is not "information equally or more available to" Meneses Law. Ms. Overmyer knows who she talked to and what she talked to them about. Now, she simply does not want to reveal it to Meneses Law. This objection should be overruled.

***Third,*** Ms. Overmyer objects to disclosing the information requested by Interrogatory No. 2 because it seeks "confidential, private third-party information" and "[n]o protective order is yet in place in this case." *Id.* at 4. A party may not withhold responsive discovery on a bare confidentiality assertion; instead, as the party resisting discovery, Ms. Overmyer bears the burden to substantiate the claimed protection. She did not. Further, her purported concerns for confidentiality would be resolved by the protective order Meneses Law proposed months ago.[2] Ex. 7 at 4. However, despite months of Meneses Law attempting to confer in good faith, Ms. Overmyer has not agreed to the entry of a protective order. Thus, Ms. Overmyer cannot withhold the information on that basis when the protective order proposed by Meneses Law would resolve any such issues. Further, if a party is withholding information requested by an interrogatory, it "must state whether any responsive materials are being withheld on the basis of that objection." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578-79 (N.D. Tex. 2018). Despite Meneses Law asking Ms. Overmyer to confirm whether she is or is not withholding information, she has not done so.

***Fourth***, Ms. Overmyer improperly objects to Interrogatory No. 2 under the work doctrine and implies she is withholding responsive information on those same grounds.

> Defendant further objects to the extent this Interrogatory seeks disclosure of the identity, selection, or compilation of witnesses or sources developed by or at the direction of counsel in anticipation of this litigation, which reflects counsel's mental impressions and is protected as opinion work product; this objection does not extend to Defendant's own knowledge of persons with whom she communicated.

Ex. 4 at 4.

"The work-product doctrine 'protects only the [attorney's work product] and not the underlying facts.'" *Adams v. Memorial Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) (quoting *In*

[2] Meneses Law first sent a proposed protective order on July 10, 2026. Meneses Law followed up on the proposed protective order multiple times, including July 21, August 6, and August 14.

*re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)). The identities of these individuals are not shielded by the work product doctrine. Nor is the corresponding information requested. This is information about Meneses Law clients and personnel, and Ms. Overmyer is not a lawyer.

***Fifth***, Ms. Overmyer objects to Interrogatory No. 2 as "an improper compound interrogatory containing multiple discrete subparts." *Id.* at 3. She is wrong. When deciding what constitutes a single interrogatory versus an interrogatory with "discrete subparts," courts "favor a relaxed approach that allows individual interrogatories to request a range of information touching on a common theme." *Nance-Bush v. Lone Star Coll. Sys. Dist.*, 337 F.R.D. 135, 137-39 (S.D. Tex. 2021). Here, Interrogatory No. 2 seeks information covering the same common theme: communications with people that have knowledge regarding Meneses Law's provision of immigration services. Accordingly, Interrogatory No. 2 should be counted as a single interrogatory, and the Court should overrule this objection.[3]

***Finally***, Ms. Overmyer's response should be treated as a failure to answer. Interrogatory No. 2 requires Ms. Overmyer to provide, for each person identified, the following corresponding information: (a) how she came to learn of the identified person; (b) the substance, nature, and extent of her Communications with them; (c) whether she has any Documents and records from or about them; (d) the date of Communication; (e) the medium (e.g., phone, text, iMessage, DM, email, in-person, livestream, etc.) of the Communication; and (f) the phone number, username, account, address, etc. that she used to make the Communication. Ex. 4 at 3. Ms. Overmyer's response is deficient:

[3] Ms. Overmyer should still be compelled to respond to this interrogatory, in full, even if the Court disagrees that this is a single interrogatory because Meneses Law's First Set of Interrogatories only contains four (4) interrogatories and no other interrogatories have been served.

> Subject to and without waiving the foregoing objections and the General Objections, Defendant states that she communicated with a limited number of individuals who identified themselves as current or former clients of Meneses Law and approximately three to four individuals who identified themselves as employees or contractors of Meneses Law; that such individuals typically first contacted Defendant during, or in response to, her livestreams on TikTok or Facebook, thereafter contacted Defendant by telephone, and in certain instances communicated through a group messaging application; and that the communications occurred by livestream, direct message, telephone, and messaging application from January 2025 to present. The substance of the communication with each individual was as to their personal experiences with Plaintiff. Defendant will supplement this response, including with any responsive identifying information and documents within her possession, custody, or control, at a mutually agreeable time following the entry of an appropriate protective order.
>
> More specifically, the names of the individuals who are responsive to this interrogatory are attached.

The referenced attachment lists 36 first names[4]—8 of which share the same first name with at least one other person on the list. *See* Ex. 8 (attachment to Ms. Overmyer's Interrogatory responses). For each first name, a corresponding phone number is provided for that individual; however, Interrogatory No. 2(f) asks for ***Ms. Overmyer's*** phone number, username, account, address, etc. that ***she*** used to communicate with the individual.[5] In addition to the Interrogatory 2(f) deficiency, Ms. Overmyer's response also fails to address (a)-(e), claiming she will supplement her response following the entry of a protective order. As discussed above, this is an unexcused and unjustified failure to answer. Further, despite her response conceding to the use of social media accounts, group messaging applications, and other messaging applications to communicate, the attachment only list individuals associated with telephone communications.

The Court should overrule Ms. Overmyer's objections and compel her to fully and complete respond to Interrogatory No. 2.

---

[4] No last name is provided for any of the individuals.

[5] Of the 36 entries, 25 have a Texas area code.

**iii. <u>Interrogatory No. 3 – Compensation and other benefits received by Ms. Overmyer in relation to her defamatory content</u>**

Interrogatory No. 3 "asks about all compensation, fees, payments, gifts, and other benefits Ms. Overmyer has received from January 2025 to present from sources like the Other Law Firms, social media platforms, and referring viewers to lawyers." Ex. 4 at 4-5. Ms. Overmyer asserted attorney-client privilege, work product doctrine, relevance, and proportionality objections, but they should all be overruled.

The attorney-client privilege and work product doctrine do not apply. ***First***, a party asserting privilege bears the burden to substantiate it and cannot rely merely on a blanket assertion. *Enron Corp. Sav. Plan*, 258 F.R.D. at 159-60; *Lopez*, 327 F.R.D. at 578 (holding that an objection must be specific); *Heller*, 303 F.R.D. at 485 (requiring a party responding to discovery to "affirmatively explain whether any responsive information or documents have been withheld"); *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089 at *10 (E.D. Tex. Jul. 8, 2020). Ms. Overmyer does not substantiate either privilege. ***Second***, financial transactions between a party and their attorney, including arrangements regarding compensation for the attorney's services, are generally not protected by the attorney-client privilege or the work product doctrine, especially not where the attorney's fees relate to damages sought. *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981); *Lozada-Leoni*, 2020 WL 10046089 at *16. Here, Meneses Law seeks damages related to Ms. Overmyer's defamatory and disparaging comments made about Meneses Law in exchange for compensation from competing law firms and attorneys, including Mr. Alvarez. Ms. Overmyer's attempt to "sword and shield" is improper, and the Court should overrule her attorney-client privilege and work product doctrine objections.

Ms. Overmyer further objects by claiming "information concerning the fee arrangement for [Ms. Overmyer's] defense of this action [] is neither relevant to any party's claim or defense

nor proportional to the needs of the case." Ex.4 at 5. But this objection overlooks the obvious: if a lawyer incentivized Ms. Overmyer to make defamatory statements about Meneses Law, the amount of money or other benefits is discoverable. Who sponsors or provides compensation to Ms. Overmyer for her broadcasts containing defamatory statements at issue fall squarely within the scope of discovery. It shows an incentive for making the defamatory statements, and it is relevant as to damages for the defamatory statements.

The Court should overrule Ms. Overmyer's attorney-client privilege, work product doctrine, relevance, and proportionality objections and compel Ms. Overmyer to fully answer Interrogatory No. 3.

**iv. <u>Interrogatory No. 4 – Ms. Overmyer's tech devices</u>**

Interrogatory No. 4 asks Ms. Overmyer to identify all devices she used to create, edit, publish, or store any media content, communications, or documentation related to Meneses Law from January 2025 to Present. Ex. 4 at 6.

There are two defects present in Ms. Overmyer's response:

***First***, and as discussed above in Section II(B), the Court should overrule her General Objections and compel her to "affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

***Second***, her answer identifies only one cell phone and no other phones, computers, tablets, etc. Ex. 4 at 6. For a prolific content creator, an answer identifying a single device is facially incomplete, especially when Ms. Overmyer hosts multi-hour livestreams multiple times a week and has published other phone numbers that her followers can contact her at during these same livestreams.

The Court should compel an amended answer identifying all responsive devices and overrule Ms. Overmyer's objections.

***D. The Court should compel Ms. Overmyer to verify her original responses to the Interrogatories and any amended responses.***

Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing ***under oath***." FED. R. CIV. P. 33(b). Ms. Overmyer's original answers to the Interrogatories do not comply with Rule 33(b)(3)'s "under oath" requirement. The Court should compel Ms. Overmyer to verify her original responses to the Interrogatories, under oath, and if the Court compels her to provide amended answers, should also compel verification of those amended answers.

***E. Ms. Overmyer's answers to Requests for Admission Nos. 1-9 and 13 should be treated as failures to answer because they do not answer the substance of each request.***

Ms. Overmyer's answers to Requests for Admission Nos. 1-9 and 13 do not comply with Rule 36(a)(4) because they neither fairly respond to the platform-specific requests nor make the reasonable inquiry the rule requires. *See* Ex. 5 at 2-4. Accordingly, Meneses Law moves under Rule 36(a)(6) and asks this Court "to determine the sufficiency of" Ms. Overmyer's answers to Requests for Admission Nos. 1-9 and 13.

Rule 36(a)(4) requires that answers to requests for admission "specifically deny" the matter or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." FED. R. CIV. P. 36(a)(4). "A denial must fairly respond to the substance of the matter[.]" *Id.* "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* A party may assert lack of knowledge "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 425 (N.D. Tex. 2021). The Fifth Circuit enforces this standard: a response that one can neither admit nor deny is deficient when made "without stating

that [the party] had made a reasonable inquiry," and a party may not refuse to answer "matters plainly within [her] knowledge" or "concerning documents within [her] possession." *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1073 (5th Cir. 1980).

Requests for Admission Nos. 1-9 each ask Ms. Overmyer to admit that she posted about Meneses Law or Christine Meneses on a particular platform (such as Facebook, TikTok, and Instagram) between January 2025 and the present. Ex. 5 at 2-3. Ms. Overmyer answered each with the same denial, stating that she "did not post on social media about either until November 2025." *Id.* That response does not fairly answer the platform-specific substance of each request or the subject-specific inquiry of each request. Accordingly, Ms. Overmyer's answers to Nos. 1-9 do not pass the Rule 36(a)(4) sufficiency test, and the Court should order her to amend her answers to each.

Request for Admission No. 13 asks Ms. Overmyer to "[a]dmit that [her] Content about Meneses Law was viewed by thousands of individuals, including persons located in Texas." *Id.* at 4. Ms. Overmyer objected to Request for Admission No. 13, stating she cannot be "reasonably certain" how many people viewed her video because the information is "maintained by third-party platforms[.]" *Id.* Then, she states she "has made a reasonable inquiry" and "can neither admit or deny" the request. *Id.* Her objection and answer are flawed for the same reason: view counts and analytics are information she can readily obtain as the holder of her own social media accounts. A genuine inquiry would have revealed these metrics. The Court should determine the answer to Request for Admission No. 13 is insufficient and order an amended answer after reasonable inquiry, or that the matter is admitted.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Meneses Law respectfully requests that the Court compel Ms. Overmyer, within ten (10) business days, to:

1. Produce all documents responsive to Meneses Law's First Set of Requests for Production, to which Overmyer failed to respond or object, even after three weeks of extensions;

2. Remove objections and fully respond to Meneses Law's First Set of Interrogatories Nos. 1-4;

3. Verify her original and amended responses to Meneses Law's First Set of Interrogatories; and

4. Remove objections and fully respond to Meneses Law's First Set of Requests for Admission Nos. 1-9 and 13.

Dated: October 9, 2026

Respectfully submitted,

**Ahmad, Zavitsanos & Mensing, PLLC**

*/s/ Kyle Poelker*
**Joseph Y. Ahmad**
Texas Bar No. 00941100
joeahmad@azalaw.com
**Edward B. Goolsby**
Texas Bar No. 24092436
egoolsby@azalaw.com
**Kyle Poelker**
Texas Bar No. 24109339
kpoelker@azalaw.com
**Colin Phillips**
Texas Bar No. 24105937
cphillips@azalaw.com
**Karina Sanchez-Peralta**
Texas Bar No. 24137177
ksanchez@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR PLAINTIFF MENESES LAW FIRM, PLLC**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Meneses Law, PLLC conferred in good faith with Ms. Overmyer's counsel regarding the relief sought in this motion via e-mail on July 24, 2026, July 31, 2026, August 6, 2026, and August 14, 2026. The Parties had a phone call scheduled to further confer on the relief sought in this motion, but Ms. Overmyer's counsel cancelled the scheduled call and gave no alternative times. Kyle Poelker and Edward Goolsby conferred on behalf of Meneses Law. Robert Alvarez and Tania Ramirez conferred on behalf of Ms. Overmyer. Despite Meneses Law's efforts, the Parties have not been able to reach an agreement regarding the discovery issues addressed in this motion and Court intervention is needed to resolve this dispute.

*s/ Kyle Poelker*
Kyle Poelker

## CERTIFICATE OF SERVICE

I hereby certify that on this 9 day of October 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*s/ Kyle Poelker*
Kyle Poelker